IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

**FILED IN OPEN COURT**
**SEP 18 2019**
**CLERK U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) **(UNDER SEAL)** |
| | ) |
| v. | ) CASE NO. 1:19-CR-282 |
| | ) |
| JAVIER ANTONIO PERTUZ LLANOS, a/k/a "Javi," | ) Count 1: Conspiracy to Distribute, and Possess with Intent to Distribute, Five Kilograms or More of Cocaine on Board a Vessel Subject to the Jurisdiction of the United States (46 U.S.C. §§ 70503(a)(1), 70506(b)) |
| JOSE MARIA FRAGOSO D'ACUNTI, | ) |
| *Defendants.* | ) |
| | ) Count 2: Conspiracy to Distribute Five Kilograms or More of Cocaine Knowing and Having Reasonable Cause to Believe that it will be Unlawfully Imported into the United States (21 U.S.C. §§ 959(a), 960, 963) |
| | ) Count 3: Distribution and Possession with Intent to Distribute Five Kilograms or More of Cocaine on Board a Vessel Subject to the Jurisdiction of the United States (46 U.S.C. § 70503(a)(1), 18 U.S.C. § 2) |
| | ) Count 4: Distribution and Possession with Intent to Distribute Five Kilograms or More of Cocaine on Board a Vessel Subject to the Jurisdiction of the United States (46 U.S.C. § 70503(a)(1), 18 U.S.C. § 2) |
| | ) Forfeiture Notice: 21 U.S.C. §§ 853 & 970, 46 U.S.C. § 70507 |

## **INDICTMENT**

AUGUST 2019 TERM – at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. The defendants and their co-conspirators, both known and unknown to the Grand Jury, comprise the Colombia-based Pertuz Llanos Drug Trafficking Organization (DTO). This DTO traffics multi-hundred kilogram quantities of cocaine, valued at millions of United States Dollars, around the world by causing such cocaine to be secreted aboard maritime vessels in the Port of Cartagena, Colombia and other Colombian ports. These vessels transport the cocaine to various destinations around the world including the United States.

## COUNT ONE
(Conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States)

THE GRAND JURY CHARGES THAT:

From in and around October 2018 and continuing thereafter up to and including December 2018, both dates being approximate and inclusive, within the jurisdiction of the United States and in an offense begun and committed outside the jurisdiction of a particular State or district, including in Colombia, and elsewhere, the defendants Javier Antonio Pertuz Llanos (also known as "Javi") and Jose Maria Fragoso D'Acunti, did knowingly, intentionally, and willfully, conspire, and attempt to commit with others, known and unknown to the Grand Jury, the following offense against the United States: (1) to knowingly and intentionally distribute, and possess with intent to distribute, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Section 70503(a)(1) and 70506(b).

With respect to the defendants, the controlled substance involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 46, United States Code, Section 70506(a) and Title 21, United States Code, Section 960(b)(1)(B)(ii).

## WAYS, MANNERS AND MEANS OF THE CONSPIRACY

The primary purpose of this conspiracy is to make as much money as possible by trafficking cocaine from Colombia to other countries including the United States. The defendants and their co-conspirators, both known and unknown, used the following ways, manners and means,

among others, to carry out this purpose:

2. It was part of the conspiracy that the defendants and their co-conspirators played different roles, took upon themselves different tasks, and participated in the affairs of the conspiracy through various criminal acts.

3. It was part of the conspiracy that the Pertuz Llanos DTO obtained cocaine from sources of supply in Colombia.

4. It was further part of the conspiracy that the Pertuz Llanos DTO conducted drug-trafficking activities in the Ports of Colombia, including the Port of Cartagena, Colombia.

5. It was further part of the conspiracy that the Pertuz Llanos DTO transported cocaine aboard commercial maritime vessels, including those that launched from the Port of Cartagena. These vessels were bound for various countries, including the United States.

6. It was further part of the conspiracy that the Pertuz Llanos DTO bribed port officials and law enforcement officers at the Port of Cartagena to ensure their cocaine would avoid interdiction.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In order to further the goals and purposes of the conspiracy, the defendants and their co-conspirators committed overt acts, including, but not limited to, the following:

7. In and around November 4, 2018 at or near Cartagena, Colombia, Pertuz Llanos and Fragoso D'Acunti solicited the assistance of a port security officer at the Port of Cartagena, Colombia, to smuggle cocaine through the port so that it could be transported aboard commercial maritime vessels.

8. On or about November 23, 2018, Pertuz Llanos, Fragoso D'Acunti, and others known and unknown caused approximately 516 kilograms of cocaine to enter the Port of Cartagena, Colombia and to be loaded onto a commercial maritime vessel in the days thereafter.

9. On or about December 5, 2018, Pertuz Llanos, Fragoso D'Acunti, and others known and unknown caused approximately 205 kilograms of cocaine to enter the Port of Cartagena, Colombia and to be loaded onto a commercial maritime vessel in the days thereafter.

10. In furtherance of the above-referenced shipments of cocaine, the Pertuz Llanos DTO paid bribes to the port security officer, including cash payments, that totaled the equivalent of approximately $333,000 U.S. Dollars. These payments occurred between approximately November 4, 2018 and December 8, 2018.

(All in violation of Title 46 United States Code, Section 70506(b))

## COUNT TWO

(Conspiracy to Distribute Five Kilograms or More of Cocaine
Knowing and Intending and Having Reasonable Cause to Believe
that it would be Unlawfully Imported into the United States)

The allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

THE GRAND JURY FURTHER CHARGES THAT:

From in and around October 2018 and continuing thereafter up to and including December 2018, both dates being approximate and inclusive, within the jurisdiction of the United States and in an offense begun and committed outside the jurisdiction of a particular State or district, including in Colombia, and elsewhere, the defendants Javier Antonio Pertuz Llanos (also known as "Javi") and Jose Maria Fragoso D'Acunti, who will be first brought to the Eastern District of Virginia, did knowingly and intentionally combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to knowingly and intentionally distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, knowing and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 963.

With respect to the defendants, the controlled substances involved in the conspiracy attributable to them as a result of their own conduct, and the conduct of other conspirators reasonably foreseeable to them, is five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii).

## COUNT THREE

(Distribution, and possession with intent to distribute, five kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States)

The allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

THE GRAND JURY FURTHER CHARGES THAT:

From in and around November 26, 2018 and continuing thereafter up to and including November 29, 2018, both dates being approximate and inclusive, within the jurisdiction of the United States and in an offense begun and committed outside the jurisdiction of a particular State or district, including in Colombia, and elsewhere, the defendants Javier Antonio Pertuz Llanos (also known as "Javi") and Jose Maria Fragoso D'Acunti, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute, and possess with intent to distribute, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States.

(In violation of Title 46, United States Code, Section 70503(a)(1) and Title 18, United States Code, Section 2).

## COUNT FOUR

(Distribution, and possession with intent to distribute, five (5) kilograms or more of cocaine on board a vessel subject to the jurisdiction of the United States)

The allegations set forth in paragraphs 1 through 10 are re-alleged and incorporated herein by reference.

THE GRAND JURY FURTHER CHARGES THAT:

From in and around December 8, 2018 and continuing thereafter up to and including December 15, 2018, both dates being approximate and inclusive, within the jurisdiction of the United States and in an offense begun and committed outside the jurisdiction of a particular State or district, including in Colombia, and elsewhere, the defendants Javier Antonio Pertuz Llanos (also known as "Javi") and Jose Maria Fragoso D'Acunti, and others known and unknown to the Grand Jury, did knowingly and intentionally distribute, and possess with intent to distribute, five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, on board a vessel subject to the jurisdiction of the United States.

(In violation of Title 46, United States Code, Section 70503(a)(1) and Title 18, United States Code, Section 2)

## CRIMINAL FORFEITURE ALLEGATION

Pursuant to Fed.R.Crim.P. 32.2(a), the United States hereby gives notice to the defendants that upon conviction of Count One, Count Three, or Count Four alleged in this Indictment, pursuant to Title 46, United States Code, Section 70507, and upon conviction of Count Two, pursuant to Title 21, United States Code, Sections 853(a) and 970, the defendants so named and convicted shall forfeit to the United States any property constituting, or derived from, any proceeds each defendant obtained, directly or indirectly, as the result of such violation; and any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third person;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

//
//
//
//
//

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

(Pursuant to Title 21, United States Code, Sections 853 & 970, Title 46, United States Code, Section 70507, and Fed.R.Crim.P.32.2).

A TRUE BILL
Pursuant to the E-Government Act,,
The original of this page has been filed
under seal in the Clerk's Office
Foreperson

G. Zachary Terwilliger
United States Attorney
United States Attorney's Office
for the Eastern District of Virginia

By: /s/ David A. Peters
David A. Peters
Assistant United States Attorney

/s/ Katherine E. Rumbaugh
Katherine E. Rumbaugh
Assistant United States Attorney

Arthur G. Wyatt, Chief
Narcotic and Dangerous Drug Section
Criminal Division
United States Department of Justice

By: /s/ Anthony Aminoff
Anthony Aminoff
Trial Attorney
Special Assistant United States Attorney

10